IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SIDNEY STALLWORTH, #45129**                                               **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 1:04cv863-DMR-JMR**

**WARDEN GREER, STATE OF MISSISSIPPI,
and JIM HOOD**                                                      **RESPONDENTS**

## MEMORANDUM OPINION AND FINAL ORDER

BEFORE THE COURT is the Motion of the Respondents [12-1] to Dismiss Pursuant to § 2244(d).  Having considered the Respondents' Motion [12-1], the Petitioner's Response in Opposition [14-1], the Petitioner's Amended Response in Opposition [15-1], along with the entire record and the applicable law, this Court finds that the Motion [12-1] is well-taken and should be granted.  Accordingly, Stallworth's petition in the above-captioned action will  be dismissed with prejudice.

### I. PROCEDURAL AND FACTUAL BACKKGROUND

On October 6, 1999, the Petitioner, Sidney Stallworth ("Stallworth"), was convicted of murder in the First Judicial District of the Circuit Court of Harrison County, Mississippi, and was sentenced to serve a term of life imprisonment without parole in the custody of the Mississippi Department of Corrections.  (*See* Final Judgment, attached to Respondents' Motion to Dismiss as Exhibit "A").  On March 8, 2001, in a written opinion, the Mississippi Supreme Court affirmed Stallworth's conviction.  (*See Stallworth v. State,* 797 So.2d 905 (Miss. 2001), attached to Respondents' Motion to Dismiss as Exhibit "B").

The state court record reflects that Stallworth failed to timely seek discretionary review in state court by filing a petition for rehearing in the supreme court as provided for in Mississippi Rule

of Appellate Procedure 40. Stallworth did file an out-of-time motion for rehearing which was denied by the supreme court in an Order filed on July 9, 2001. (*See* Order, attached to Respondents' Motion to Dismiss as Exhibit "C"). As set forth more fully herein, by failing to timely seek the first step of discretionary review, Stallworth "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court by way of a petition for writ of certiorari or review in the United States Supreme Court by way of a petition for writ of certiorari. (*See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)).

Stallworth's judgment of conviction became final on March 22, 2001, when the time for seeking further direct review in the state court expired, *i.e.* fourteen (14) days after his conviction was affirmed on direct appeal, which was March 8, 2001. (*See* M.R.A.P. 40(a)(allowing fourteen (14) days to file a petition for rehearing in state court after direct appeal is affirmed)). Stallworth submitted his federal habeas petition sometime between November 22, 2004, the date he signed it, and December 3, 2004, the date it was stamped "filed." According to the mailbox rule, Stallworth's petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, at the earliest, Stallworth "filed" his petition on November 22, 2004.

## II. LEGAL ANALYSIS

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999). Therefore, Stallworth's judgment became final

on March 22, 2001, fourteen days after his direct appeal was affirmed.  Pursuant to the AEDPA, Stallworth's conviction was considered final as of March 22, 2001, and he had until March 22, 2002, to properly file a habeas petition.  According to the mailbox rule, Stallworth's petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  At the earliest, Stallworth "filed" his federal petition when he signed it on November 22, 2004, some 976 days after the federal statute of limitations had expired on March 22, 2002.  Based on the foregoing, Stallworth's federal petition for habeas corpus is barred by the one-year statute of limitations, unless Stallworth is entitled to either statutory or equitable tolling.

The first issue is whether statutory tolling occurred during the period between the judgment becoming final and his filing of the federal petition for federal habeas corpus.  28 U.S.C. § 2244(d)(2) provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction" remains pending.  Stallworth filed "An Application For Leave To Proceed In The Trial Court" and a "Motion For Post-Conviction Collateral Relief" with the Mississippi Supreme Court on September 24, 2004.  These motions were filed 917 days late after the March 22, 2002, habeas deadline and were denied by the supreme court on November 3, 2004, as untimely.  (*See* Application and Order, attached to the Respondents' Motion as Exhibits "D" and "E").  Pursuant to § 2244(d)(2), Stallworth's state post-conviction motions cannot toll the one-year limitations period described in § 2244(d)(1) as they were not filed within the one-year limitations period for filing the petition for writ of habeas corpus.  Stallworth's petition is therefore barred by § 2244(d), unless Stallworth persuades this Court that his claim should not be time-barred under the principles of equitable tolling.

Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Furthermore, in *Rashidi,* the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The claims in the instant case do not fall within any of the exceptions. Although Stallworth is challenging the dismissal of his post-conviction motion in the instant petition, such dismissal does not constitute a factual predicate pursuant to § 2244(d)(1)(D) from which petitioner's limitation period begins running. *See Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000) (holding that a state court's disposition of a state habeas application does not constitute a factual predicate for purposes of calculating the federal habeas limitation period).

Stallworth also attempts to bring his claims under the 2244(d)(1)(C) exception which pertains to intervening decisions. In Ground One, petitioner argues that section 99-39-5(2) of the Mississippi Code creates an exception to the three (3) year statute of limitations for filing a post-conviction motion when a prisoner can demonstrate that there has been an intervening decision by the state supreme court or United States Supreme Court that would impact the conviction or sentence. In Ground Two, Stallworth alleges that the trial court erred by sentencing him as an habitual offender without presenting his prior offenses to the jury.

As support for both grounds, Stallworth cites to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Stallworth has misinterpreted both cases. The Court specifically stated in *Apprendi* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S.

at 490.  The *Blakely* Court likewise stated that prior convictions which are to be used to enhance a sentence do not have to be submitted to the jury.  *See Blakely*, 124 S.Ct. at 2536.  Stallworth is not challenging the validity of the convictions added to his indictment.  The amendment only served to change his status to that of an habitual offender.  The enhancement in Stallworth's case was the result of prior convictions, therefore, neither *Apprendi* nor *Blakely* constitutes an intervening decision that impacts Stallworth's conviction or sentence.

Stallworth also claims, in his Amended Reply Brief [15-1], that he was unaware of when the Mississippi Supreme Court had ruled on his appeal and only discovered such through a newspaper article; and, that his medication impaired him and should be considered an exceptional circumstance.  No evidence is provided to support either of these claims and thus they do not precipitate any equitable tolling.

Without the benefit of equitable tolling, Stallworth needed to file his federal habeas petition on or before March 22, 2002.  At the earliest, Stallworth filed his federal habeas petition on November 22, 2004 – the date he signed the federal petition in the above-captioned case.  Stallworth's Petition is therefore barred by § 2244(d).

### III.  CONCLUSION

Stallworth's state court conviction became final on March 22, 2001.  Thereafter, Stallworth had one year, or until March 22, 2002, to file a federal petition for a writ of habeas corpus.  At the earliest, Stallworth filed his federal habeas petition on November 22, 2004.  This Court finds that Stallworth is entitled to neither statutory nor equitable tolling.  Accordingly, Stallworth's Petition for Writ of Habeas Corpus will be dismissed with prejudice based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Respondents [12-1] to Dismiss Pursuant to § 2244(d) be and is hereby **GRANTED** and Stallworth's Petition for Writ of Habeas Corpus filed in this cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a FINAL JUDGMENT shall be entered in this cause.

**SO ORDERED AND ADJUDGED** this the       22nd       day of March, 2006.


/S/   **DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**